UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSEPH P. CARSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:08-CV-330 |
| ) | (Phillips) |
| UNITED STATES OFFICE OF SPECIAL ) | |
| COUNSEL, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Plaintiff, Joseph P. Carson, *pro se*, seeks a writ of mandamus. Carson is an employee of the Department of Energy (DOE) and has filed numerous (over 25) "Prohibited Personnel Practices" (PPP) complaints since 1992, with the Office of the Special Counsel (OSC). In his petition, Carson requests the court to direct OSC to investigate complaints of alleged prohibited activity that he filed with the agency and make certain reports to the U.S. Department of Energy. The respondent has moved to dismiss Carson's petition for mandamus relief because OSC has already performed the non-discretionary duty it owed to Carson in this matter, and Carson cannot show that he is entitled to the extraordinary relief of mandamus. Therefore, the respondent moves that Carson's petition be dismissed. For the reasons which follow, the respondent's motion to dismiss will be granted.

## Analysis

### A. The Whistleblower Protection Act

Under the Whistleblower Protection Act of 1989 (WPA), 5 U.S.C. § 1201 *et seq.*, an agency is prohibited from taking any personnel action in reprisal for the disclosure of information by an applicant that the applicant reasonably believes evidences violation of any law, rule, or regulation by another agency employee. *See* 5 U.S.C. §§ 1221(a), 2302(b)(8)(A)(I); *see also Stella v. Mineta*, 284 F.3d 135, 142 (D.C.Cir.2002); *Weber v. United States*, 209 F.3d 756, 757-58 (D.C.Cir.2000). When an agency takes such an action, it is considered to be a "Prohibited Personnel Practice" (PPP). An employee who believes he has been the victim of a PPP must first complain to the OSC, which is required to investigate the complaint "to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred." 5 U.S.C. § 1214; *see also Weber*, 209 F.3d at 758. The initial investigation is conducted by OSC's Complaints Examining Unit (CEU). *See* 5 C.F.R. § 1800.1(c)(4); Peter B. Broida, A Guide To Merit Systems Protection Board Law & Practice, Ch. 13 § IV.B.1 (2004). If CEU determines that further investigation is needed, the complaint is referred to one of the agency's Investigation and Prosecution Divisions (IPDs) for further investigation. *See id.* (describing the organizational structure of OSC). Based upon the IPD investigation, if OSC finds reasonable grounds to believe that a PPP has occurred, it may recommend to the agency involved that it take corrective action to remedy the apparent violation. *See* 5 U.S.C. § 1214(b)(2)(B). If the agency refuses or fails to take action, OSC may petition the

Merit Systems Protection Board (MSPB) to order the appropriate corrective action. *See* 5 U.S.C. § 1214(b)(2)(C).

While an investigation is pending, OSC must provide written status updates to a complainant. *See* 5 U.S.C. §§ 1214(a)(1)(C)(I) and (ii). OSC must issue these updates within 90 days of the filing of a complaint, and at 60-day intervals thereafter, until the investigation is complete. *See id.* The updates must describe the current status of the complaint and any action taken during the preceding time period since the last update was issued. *See id.* If, after investigation, OSC finds no reasonable ground to believe that a PPP has occurred, it sends a written status report (pre-determination letter) to the complainant informing him of the proposed findings and legal conclusions. *See* 5 U.S.C. § 1214(a)(1)(D). OSC must provide this pre-determination letter at least ten days before terminating an investigation. *See id.*

In Section 1213, the Act sets out a separate set of procedures for investigating allegations of agency wrongdoing (known as whistleblower disclosures) under 5 U.S.C. § 2302(b)(8), which evidence a "(i) violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority or a substantial and specific danger to public health and safety." 5 U.S.C. § 2302(b)(8)(A); *see* 5 U.S.C. § 1213(a). If OSC finds a "substantial likelihood" that the information constitutes a whistleblower disclosure, OSC transmits the information to the head of the involved agency. *See* 5 U.S.C. § 1213(b). The agency must conduct an investigation and submit a written

report of its findings to OSC. *See id.* If OSC does not find a substantial likelihood that the information constitutes a whistleblower disclosure, it must inform the submitting individual of "the reasons why the disclosure may not be further acted on[.]" 5 U.S.C. § 1213(g)(3)(A).

If OSC's investigation does not uncover support for the complaint, the employee still may seek corrective action from an alleged PPP before the MSPB. *See* 5 U.S.C. §§ 1214(a)(3), 1221. But "an employee alleging a [PPP] must give the OSC a chance to investigate before going to the MSPB." *Weber*, 209 F.3d at 759. Any decision of the MSPB is appealable to the United States Court of Appeals for the Federal Circuit. *See* 5 U.S.C. § 7703.

B. Writ of Mandamus

1. Jurisdiction Over OSC

Although the Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, the All Writs Act allows the Court to order a remedy only where subject matter jurisdiction already exists. *See* 28 U.S.C. § 1651(a) (providing that the "Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions . . ."); *see also Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 76 (D.C.Cir.1984)

("[I]t is firmly established that [Section] 1651 does not expand the jurisdiction of a court."). In addition, the Civil Service Recovery Act of 1978 ("CSRA"), Pub.L. No. 94-454, 92 Stat. 1111 (codified as amended in scattered sections of Title 5 of the United States Code), which governs non-constitutional claims brought by federal employees against the United States government or its agencies, does not provide for subject matter jurisdiction in the United States district courts for review of OSC decisions made pursuant to its authority under the statute. *See Fornaro v. James*, 416 F.3d 63, 67 (D.C.Cir.2005) (CSRA is comprehensive and exclusive remedial scheme); *Carducci v. Regan*, 714 F.2d 171, 174 (D.C.Cir.1983) (CSRA is "exhaustive remedial scheme" that clearly evidences congressional intent not to permit alternative or preexisting remedies); *Borrell v. United States Int'l Communications Agency*, 682 F.2d 981, 988 (D.C.Cir.1982) ("[W]e are unable to conclude from the [CSRA] that Congress intended to provide an independent judicial remedy to employees."). Nor does the CSRA provide for jurisdiction over appeals of decisions rendered by the MSPB in this court; only the United States Court of Appeals for the Federal Circuit may hear such petitions. *See* 5 U.S.C. §§ 1215(a)(4) and 1221(h)(2), incorporating 5 U.S.C. § 7703(b)(1); *see also United States v. Fausto*, 484 U.S. 439, 449 (1988).

The United States Court of Appeals for the District of Columbia Circuit nevertheless has concluded that a United States District Court does have subject matter jurisdiction to issue a writ of mandamus if it determines that OSC violated a non-discretionary statutory duty to investigate an employee's allegations. *See Weber v.*

*United States*, 209 F.3d at 756. The D.C. Circuit reasoned that because the Federal Circuit reviews only MSPB decisions and not OSC actions or decisions, depriving the district courts of mandamus jurisdiction over claims that OSC has failed to perform a statutory duty would foreclose all relief for such a failure. *See id.* at 759.

2. Standards for Relief in Mandamus

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Only "exceptional circumstances amounting to a judicial 'usurpation of power' " will justify issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (quoting *Will v. United States*, 389 U.S. 90, 95 (1967)); *see also In re Leeds*, 951 F.2d 1323, 1323 (D.C.Cir.1991). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the respondent has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C.Cir.2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C.Cir.2002)); *see also Banks v. Office of Senate Sergeant-At-Arms and Doorkeeper of the United States Senate*, 471 F.3d 1341, 1350 (D.C.Cir.2006) (concluding that the extraordinary remedy of mandamus need not issue in a case arising under the Congressional Accountability Act where the issue could be addressed by an appeal from a final judgment). The party seeking mandamus "has the burden of showing that 'its right to issuance of the writ is clear and indisputable.' " *Power*, 292 F.3d at 784 (*quoting Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C.Cir.1997)). Where the action petitioner seeks to

compel is discretionary, petitioner has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer*, 466 U.S. 602 (1984); *Weber*, 209 F.3d at 760 ("[M]andamus is proper only when an agency has a clearly established duty to act.").

C. Discussion

This is petitioner's sixth petition for writ of mandamus against the OSC, the previous five being filed in, and dismissed by, the U.S. District Court for the District of Columbia. *See Carson v. U.S. Office of Special Counsel,* 2006 WL 785292 (D.D.C. Mar. 27, 2006); *Carson v. U.S. Office of Special Counsel,* 2006 WL 5085253 (D.D.C. Oct. 30, 2006) and decision on remand, *Carson v. U.S. Office of Special Counsel,* 2008 WL 2640283 (D.D.C. July 7, 2008); *Carson v. U.S. Office of Special Counsel,* 514 F.Supp.2d 54 (D.D.C. 2007); *Carson v. U.S. Office of Special Counsel,* 2008 WL 441532 (D.D.C. Feb. 19, 2008); *Carson v. U.S. Office of Special Counsel,* 2008 WL 474251 (D.D.C. Feb. 19, 2008). In the instant case, Carson requests the court direct OSC to further investigate three complaints of alleged prohibited activity; provide him certain status reports in relation for a fourth complaint of alleged prohibited activity that OSC investigated; and make a "reasonable basis" determination in a prohibited personnel practice complaint that OSC investigated.

Carson's amended petition concerns five complaints that he filed with OSC. Three of the complaints — MA-08-1842, MA-08-1843, and MA-08-2553 — were

investigated and closed by OSC's CEU. The other two complaints – MA-07-1668 and MA-08-1844 – were investigated and closed by OSC's IPD.

Carson is not entitled to mandamus relief concerning MA-08-1842, MA-08-1843, or MA-08-2553 because OSC discharged its statutory obligations by investigating his complaints and because he has other adequate means to obtain relief. Carson admits that OSC investigated his complaints. It appears that he is asserting that OSC should have continued investigating his allegations despite concluding that his allegations did not involve violations of civil service laws, rules or regulations. 5 U.S.C. § 1216(a)(4) mandates that OSC investigate any allegation concerning "activities prohibited by civil service law, rule or regulations." OSC satisfies this obligation when its CEU conducts an initial investigation sufficient for it to determine whether a more thorough investigation is required. *See DeLeonardis v. Koch*, 1992 WL 465474 (S.D.Tex. July 1, 1992), *citing Wren*, 681 F.2d at 874. OSC is not, however, required to "conduct free-ranging investigations into any and all alleged violations." *Carson,* 563 F.Supp.2d at 291.

Carson further argues that OSC's decision to close his complaints is reviewable because those decisions were based on legal rather than factual grounds. The factual/legal distinction that Carson attempts to draw is immaterial because the record shows that OSC conducted a particularized investigation into each of his complaints, considered the specific allegations made, and the facts presented to support the allegations. After applying those facts and allegations to the relevant legal standards, OSC

determined that Carson's complaints did not evidence violations of § 1216(a)(4). Once OSC commences an investigation, its decisions about the extent and scope of the investigation are discretionary and beyond the reach of mandamus review. *See DeLeonardis,* 986 F.2d at 727. The court cannot order OSC to conduct an additional investigation nor second guess OSC's decisions to abandon or defer claims following its preliminary inquiry. *DeLeonardis,* 1992 WL 465474 at *3. As to the alleged violations of DOE orders, Carson can seek resolution by reporting these alleged violations to the Inspector General for DOE. *See e.g.,* 5 U.S.C. App'x 3 § 4. Additionally, the failure to comply with a MSPB order can be addressed by filing a petition for enforcement with the MSPB and/or by reporting such alleged misconduct by agency employees to the DOE Office of Inspector General. *See* 5 C.F.R. § 1201.181 *et seq.;* 5 U.S.C. App'x 3, § 4. Because Carson seeks a writ of mandamus with respect to discretionary, as opposed to mandatory, actions by OSC, he has failed to establish this court's subject matter jurisdiction as to MA-08-1842, MA-08-1843, and MA-08-2553.

Carson is not entitled to mandamus relief as to MA-08-1844 because the record shows that OSC has provided him all the status reports due him. Carson claims that OSC was required to provide him status reports at specified intervals concerning its investigation in MA-08-1844 which involved a complaint under 5 U.S.C. § 1216(a)(4). However, OSC is not required to provide status reports when investigating allegations under § 1216. Rather, it is within OSC's discretion to provide such reports. *See* 5 U.S.C. § 1216(c). Accordingly, Carson has not shown that he was statutorily entitled to status

reports during OSC's investigation of MA-08-1844. Moreover, MA-08-1844 has been closed, so this issue is moot.

As to MA-07-1668, Carson is not entitled to mandamus relief because the record shows that OSC has performed its duty to make a "reasonable basis" determination. On December 10, 2008, OSC issued petitioner a preliminary determination letter explaining its factual and legal bases for proposing to close MA-07-1668, and on January 14, 2009, after reviewing Carson's written comments to the preliminary determination letter, OSC terminated its investigation and closed MA-07-1668. OSC's decision to terminate an investigation is discretionary and not subject to judicial review. *Carson*, 2006 WL 785292 ("This court . . . only has jurisdiction to review whether OSC conducted an investigation; it cannot pass on the merits of OSC's decision to terminate an investigation").

Finally, Carson seeks a writ ordering OSC to report the allegations he raised in MA-07-1668, MA-08-1842, MA-08-1843, MA-08-1844, and MA-08-2553 to the Secretary of Energy pursuant to 5 U.S.C. § 1214(e). However, OSC's reporting obligation is not triggered unless the Special Counsel first makes a determination that there is reasonable cause to believe that a law, rule, or regulation has been violated. That triggering event never occurred because OSC did not conclude that there was reasonable cause to believe that any laws, rules, or regulations were violated in MA-07-1668, MA-08-1842, MA-08-1843, MA-08-1844, or MA-08-2553. Thus, OSC had no obligation to make a § 1214(e) report in any of these cases. *See Carson,* 2006 WL 5085253 (OSC "did not find

-10-

Case 3:08-cv-00330-TWP-CCS   Document 58   Filed 05/11/09   Page 10 of 12   PageID #: 659

reasonable grounds to believe other violations of law, rule or regulation occurred," and therefore was not required to make § 1214(e) reports).

### **Conclusion**

The purpose of a writ of mandamus is to compel an agency to act when it has failed to act as required by law. As stated above, the court finds that OSC has performed all of the duties it owed to Carson in relation to MA-07-1668, MA-08-1842, MA-08-1843, MA-08-1844, and MA-08-2553. Further, OSC had no duty to make § 1214(e) reports in any of these cases because the agency concluded that Carson's allegations failed to establish a violation of any law, rule or regulation. Finally, Carson has other avenues to obtain relief, such as reporting the DOE officials' alleged violations to the DOE Office of Inspector General and filing petitions with the MSPB to enforce its orders. Accordingly, the court will **GRANT** respondent's motion to dismiss [Docs. 15, 41] the amended petition for writ of mandamus.

Carson has moved for leave to supplement his petition with additional allegations as to MA-07-1668 and MA-08-1844 [Doc. 48]. Leave to amend must be freely given when justice so requires. Fed.R.Civ.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182 (1962). Nevertheless, leave to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995). For the reasons stated above, the court finds that Carson's additional allegations as to MA-07-1668 and

MA-08-1844 would be futile because OSC has already performed the non-discretionary duties it owed to Carson. Accordingly, Carson's motion to supplement petition [Doc. 48] is **DENIED.**

**ENTER:**

      s/ Thomas W. Phillips
   United States District Judge

Case 3:08-cv-00330-TWP-CCS   Document 58   Filed 05/11/09   Page 12 of 12   PageID #: 661